[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner has filed a petition for a writ of habeas corpus as well as a Motion to Modify sentence. As to the latter, since the total effective sentence against the petitioner, four years and ninety days, is in excess of three years, this court has no authority, under C.G.S. Section53a-39 to modify the sentence. Further, in his petition, the petitioner urges the court to find that he has been unfairly treated and that he should be granted equitable relief. However, the habeas court is not a court of equity, and whatever relief may be granted is based upon statutory/common law.
The petitioner was sentenced on July 31, 1998 in the Superior Court for the District of Danbury to three years for operation of a motor vehicle while under the influence of alcohol of drugs, one year for operating under suspension and ninety days for interfering with an officer, all of which sentences were to run consecutively for a total effective sentence of four years and ninety days. The petitioner is presently in the custody of the respondent Warden.
An evidentiary hearing was held before this court on July 11, 2000. The court bases much of its decision on the credibility of the witnesses, in particular, the petitioner. Based upon his demeanor on the witness stand, his being careful to respond truthfully to questions posed to him rather than speculate or say he remembers something that he did not remember, his ability to recall and the consistency of his statements, the court CT Page 11230 find the petitioner to be a credible witness.
Based upon the totality of the evidence, the court finds the following:
 1. Petitioner was arrested on August 1, 1996 for motor vehicle charges which were subsequently dismissed. At that time he put up a bond and was released on August 2, 1996, the bond being in the amount of $5,000.
 2. Petitioner was arrested on August 30, 1996 for the charges on which he was subsequently sentenced as aforesaid. He made bond of $1,500 and was ordered to return to court on September 12, 1996.
 3. The court has reviewed the transcript of the September 12, 1996 hearing before the Honorable Patrick L. Carroll, III. Based upon the transcript, the Court, at the request of the State's Attorney, raised the bond on the August 1, 1996 arrest to $15,000. Also, based upon the transcript, the August 1St arrest appeared on line no. 6 on the arraignment docket, and the August 30th arrest appeared on line no. 43 of the arraignment docket. Attorney Scott Chamberlain was the attorney for the defendant/petitioner and entered his appearance on that date for bond purposes only on the matter on line no. 43, the August 30, 1996 arrest. He requested that bond be set at $10,000. State's Attorney Walter Flanagan requested a bond of $15,000. The court increased the bond on line no. 6 to $15,000 and on line no. 43 it said that it was adding a condition to his bond.
 4. Based upon the fact that Attorney Chamberlain was appearing for the matter on line no. 43 for bond purposes only and that he sought a bond of $10,000 and Attorney Flanagan sought a bond of $15,000, it is a logical inference that Judge Carroll intended to and/or did raise the bond on line no. 43 to between $10,000 and $15,000.
 5. Another alternative is that the higher bond on line no. 43 was not placed on the mittimus. CT Page 11231
 6. If, in fact, the bond on line no. 43 was not raised, then the court finds that proper procedure by Attorney Chamberlain would have been to insist that the bond be raised sufficiently so that the defendant/petitioner could not make that bond, thereby giving him credit for pretrial detention on that case. Since the August 1, 1996 charges were later dismissed, the only way in which the defendant/petitioner could get credit for pretrial detention on the August 30, 1996 arrest for which he was subsequently convicted and imprisoned was to have a high enough bond that he could not make and did not make thereby keeping him in prison for that reason. This procedure the court finds from its own experience is standard procedure when clients are arraigned in the GA court so that the defendant will receive pretrial credit for all the offenses of which he is charged. That is no doubt why Attorney Chamberlain requested the $10,000 bond. However, he should have made it clear to the Court that he was requesting that high a bond for the express purpose of permitting the defendant/petitioner to obtain pretrial credit on the August 30, 1996 offense. Judges routinely grant such requests, and state's attorneys routinely do not object. Further, when Judge Carroll specifically failed to increase the bond on line no. 43, even though it might have been his intention to do so, Attorney Chamberlain should have again brought up the issue of at least a $10,000 bond on that case in order to have his client obtain the pretrial jail credit. Failure to do so was below the standard of competence of defense attorneys in such a situation. Therefore, in this regard Attorney Chamberlain was ineffective in his assistance to the defendant/petitioner, and obviously this ineffective assistance made a difference in the outcome as to pretrial jail credit the defendant/petitioner should have received for the August 30, 1996 arrest. The defendant's/petitioner's failure to receive the pretrial credit for the August 30, 1996 for which he was subsequently convicted and to which pretrial credit he was entitled was a direct result of the failure of Attorney Chamberlain to CT Page 11232 properly and adequately assist him in the court proceedings which failure was below the standard of competence for criminal defense attorneys in this situation.
 7. There is no dispute that the petitioner was incarcerated from September 12, 1996 until March 25, 1997 (when he did make bond) in pretrial detention on the charges for which he is presently imprisoned. This pretrial detention period is 194 days.
Accordingly, this phase of the habeas petition is granted, and the Respondent is ordered to give to the petitioner credit for an additional 194 days and reduce his sentence by that amount.[1]
Rittenband, JTR